**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2516
_____

GLAVIN IVY,
　　　　　　　　Appellant

v.

WELLPATH; CRNP LESLIE; CORRECT CARE SOLUTIONS;
CRNP SUTHERLAND; DR. MAXA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-00061)
Magistrate Judge: Honorable Richard A. Lanzillo (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: March 13, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Glavin Ivy, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's order granting summary judgment to the defendants in this action under 42 U.S.C. § 1983. We will affirm the judgment of the District Court.

I.

The undisputed facts show that, in January 2018, while incarcerated at SCI-Forest, Ivy began suffering from gastrointestinal issues and sought medical attention. Over the course of the next two years, CRNPs Leslie and Sutherland saw Ivy many times, provided him a wide array of medications, ordered abdominal X-rays, conducted bloodwork, tested for numerous gastrointestinal diseases, and sent Ivy for a colonoscopy. Dr. Maxa reviewed those test results and noted that there were no clinically significant findings of disease.

In January 2020, when Ivy was temporarily transferred to the Mercer County Jail for court hearings, he sought medical attention and was referred for an abdominal ultrasound and CT scan. This testing indicated that Ivy possibly suffered from ileitis (an inflammation of the bowels). Ivy returned to SCI-Forest in March 2020 and was again examined by Leslie and Sutherland on multiple occasions over the next several months. They examined Ivy, provided medications, interpreted the results of the ultrasound and CT exams, and ordered follow-up testing. Among other medications, they continued to prescribe laxatives, which Ivy maintains were unhelpful.

On November 10, 2020, Ivy met with Sutherland and requested Ensure, which had been provided at the county jail. Sutherland consulted with Dr. Maxa, they determined

2

Ensure was not medically necessary, and Sutherland prescribed Miralax. Ivy then objected that he needed a different medication (Budesonide), and he threatened to sue if he did not receive it. Sutherland then ordered Ivy to leave the office, and Ivy maintains that Sutherland then said that "you're not getting any treatment." ECF No. 66 at ¶ 22. Ivy raised complaints of renewed abdominal stress to a nurse on November 13, 2020. He was seen by Sutherland the next day, at which time Sutherland prescribed additional medications, including Budesonide.

Ivy filed his complaint in January 2021 against CRNPs Leslie and Sutherland, Dr. Maxa, and the corporate medical services provider at the prison. Ivy brought claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment, related claims against the prison's medical services provider under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), a claim of retaliation in violation of the First Amendment, and a medical malpractice claim under state law. The defendants answered the complaint, and, after discovery, moved for summary judgment. The District Court granted the motion. This appeal ensued.

II.

We have jurisdiction, under 28 U.S.C. § 1291, to review the District Court's order granting summary judgment to the defendants.[1] We exercise plenary review over that

---

[1] The District Court denied Ivy's motion for reconsideration after Ivy filed his notice of appeal. Because Ivy did not file a timely new or amended notice of appeal encompassing the order denying his motion for reconsideration, we do not consider that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Carrascosa v. McGuire*, 520 F.3d 249, 253–54 (3d Cir. 2008).

order.  *See Kaucher v. County of Bucks*, 455 F.3d 418, 422 (3d Cir. 2006).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Kaucher*, 455 F.3d at 422–23.

### III.

The District Court properly granted summary judgment to the defendants on the merits of all of Ivy's Eighth Amendment claims.[2]  To succeed on his claims that prison medical care violated his Eighth Amendment rights, Ivy had to establish "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016). "Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners."  *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017).  When medical treatment is provided, "we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (citation omitted).

Here, as the District Court explained in detail, *see* ECF No. 78 at 2–12, it is undisputed that the defendants consistently addressed Ivy's complaints by responding to

---

[2] Thus, we do not need to address the District Court's alternative basis for dismissing some of the Eighth Amendment claims as barred by the statute of limitations.

4

his sick calls, examining him, prescribing him medication, arranging for referrals to specialists and tests, and exercising professional judgment to interpret the results of those tests. Ivy's core complaint, that prison officials should have recognized and diagnosed his ileitis sooner, indicates "mere disagreements over medical judgment," which are insufficient for a reasonable juror to find deliberate indifference. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

While the defendants continued prescribing laxatives despite Ivy's insistence that they were unhelpful, the record shows that the defendants also provided other medications, bloodwork, testing, and treatment. There is insufficient evidence in the record for a reasonable juror to find, as Ivy contends, that any defendant persisted in a course of delaying care or of prescribing laxatives with an intent to harm Ivy or with deliberate indifference to his medical needs. *Compare White*, 897 F.2d at 109 (explaining that deliberate indifference can be shown by persistence in a course of treatment despite evidence of "resultant pain and risk of permanent injury" from the treatment).

Nor could a reasonable juror interpret any of Ivy's interactions with the defendants, including the November 10, 2020 interaction Sutherland, as a deliberately indifferent denial of care. The undisputed facts from November 10 show that Sutherland examined Ivy, consulted with Dr. Maxa, decided to deny Ensure, and decided to prescribe Miralax. In response to these professional decisions, Ivy threatened suit, and only then does Ivy maintain that Sutherland replied, saying "you're not getting any

5

treatment." ECF No. 66 at ¶ 22. In context, and considering the fact that Sutherland examined Ivy in response to renewed gastrointestinal distress four days later, at which time Sutherland provided additional medications, including the Budesonide that had sparked the prior argument, no reasonable juror could find that Sutherland acted to delay or deny care with deliberate indifference. *See White*, 897 F.2d at 110.

For essentially the same reasons, we agree with the District Court's determination that no reasonable juror could find that Sutherland retaliated against Ivy for threatening to sue. In context, and given the timing, there is no evidence that Ivy's threat of suit motivated any of Sutherland's medical decisions. *See generally Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (discussing the elements of a First Amendment retaliation claim, including that "constitutionally protected conduct was a substantial or motivating factor in the decision").

Finally, because Ivy has challenged neither the District Court's grant of summary judgment on the *Monell* claim, nor the District Court's decision to decline supplemental jurisdiction over Ivy's state law claims, those claims are forfeited. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145-47 (3d Cir. 2017) (explaining that an appellant's failure to raise an argument constitutes forfeiture of that argument).

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] Ivy's motion to supplement the record on appeal is denied. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 435 (3d Cir. 2013) (indicating that a party may supplement the record on appeal in only "exceptional circumstances").